UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAO VICTOR BRUM BORGES, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:25-cv-11640-IT |
| ANTONE MONIZ, PATRICIA HYDE, | * |
| MICHAEL KROL, TODD LYONS, and | * |
| KRISTI NOEM, | * |
| | * |
| Respondents. | |

MEMORANDUM & ORDER

July 10, 2025

TALWANI, D.J.

Pending before the court is Petitioner Joao Victor Brum Borges' Petition for Writ of Habeas Corpus [Doc. No. 1].

Petitioner alleges that he is a Brazilian national in removal proceedings, is the spouse of a United States citizen, and is the beneficiary of an I-130 Petition for Alien Relative. Pet. ¶¶ 1, 6, 13 [Doc. No. 1]. Petitioner asserts that he was detained outside of his home in Tewksbury, MA, on June 4, 2025, and is currently detained in the District of Massachusetts. Id. ¶¶ 1, 5. Petitioner claims that his detention is in violation of the Fifth Amendment right to Due Process. Id. ¶ 16. He asks this court to issue a writ of habeas corpus ordering his release.

Respondents acknowledge that Petitioner is a Brazilian national, that on May 28, 2025, Petitioner's U.S. citizen-spouse filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf with U.S. Citizenship and Immigration Services ("USCIS"), and that the application remains pending. See Response 1-2 [Doc. No. 11]; Chan Decl. ¶¶ 7, 13 [Doc. No. 11-1]. Respondents also confirm that ICE detained Petitioner on June 4, 2025, that Petitioner remains in

the District of Massachusetts, and that Petitioner's removal proceedings are pending before the immigration court. See Response 2 [Doc. No. 11]; Chan Decl. ¶¶ 5, 14-16 [11-1].

Respondents contend further that U.S. Customs and Border Protection ("CBP") first encountered Petitioner on or about June 5, 2021. See Response 1 [Doc. No. 11]; Chan Decl. ¶ 8 [Doc. No. 11-1]. Respondents report that Petitioner was not in possession of any valid entry document and that CBP detained Petitioner at that time. See Response 1 [Doc. No. 11]; Chan Decl. ¶ 8 [Doc. No. 11-1]. Respondents state that Petitioner's father (who was encountered together with Petitioner) claimed that he and Petitioner feared persecution or torture if they returned to Brazil. See Response 1 [Doc. No. 11]; Chan Decl. ¶¶ 8-9 [Doc. No. 11-1]. Respondents report that CBP issued Petitioner a Notice to Appear, which was filed with the immigration court on July 9, 2021, and that Petitioner was released on an Order of Release on Recognizance ("Order of Release"). See Response 1 [Doc. No. 11]; Chan Decl. ¶ 10 [Doc. No. 11-1].

Petitioner objects to the Respondents' evidence but does not dispute or contradict the facts relating to his initial detention by ICE in June 2021 or that he was issued an Order of Release at that time. Petitioner contends, however, that the Order of Release provides that "[i]n accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, [Petitioner] is being released" on certain conditions. Petitioner's Reply [Doc. No. 13] (emphasis added) (quoting Order of Release [Doc. No. 14]) (internal quotation marks omitted); see also Order of Release [Doc. No. 16-1] (same, copy provided by Respondents).

The Order of Release form specifies that "failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by [ICE]." Order of

Release 1 [Doc. No. 16-1]. The Order of Release form also includes a section where an ICE Official may, with his signature, cancel the Order of Release because "[t]he alien failed to comply with the conditions of release" and/or "[t]he alien was taken into custody for removal." Id.

On the court's further inquiry, on July 2, 2025, Respondents acknowledged that Petitioner was originally processed pursuant to 8 U.S.C. § 1226 and that Respondents are not aware of any cancellation of Petitioner's Order of Release. See Response [Doc. No. 16]. Consistent with that understanding, Petitioner's Order of Release [Doc. No. 16-1] from ICE's files has not been cancelled.

On July 2, 2025, the court ordered Respondents to show cause why Petitioner is not entitled to a bond hearing, given that he was originally processed pursuant to 8 U.S.C. § 1226, his removal proceedings are still pending, and his Order of Release has not been cancelled.

On July 9, 2025, Respondents filed a Response acknowledging that "Petitioner is entitled to a bond hearing in the specific circumstances of this case." Response 1 [Doc. No. 18].

Accordingly, Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part as follows: Within seven days of this order, Petitioner must be provided a bond hearing. Any decision to retain Petitioner in custody following the bond period shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

July 10, 2025                                /s/ Indira Talwani
                                             United States District Judge